AO 442 11/11 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

Received
U.S. Marshals Service
Asheville, NC
1:37 pm, Aug 20 2024

| United States of America | ) |
|---|---|
| v. | ) |
| Joseph R Rutherford | ) Case No. 0419 1:17CR00107- 001 |
| Defendant | ) |

CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 03, 2026
LAURA A. AUSTIN, CLERK
BY: s/ K. SAVILLE
DEPUTY CLERK

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Joseph R Rutherford ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☒ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:   See Petition for Warrant.

Signed: August 20, 2024

City and state:   Asheville, NC

W. Carleton Metcalf
United States Magistrate Judge

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____         _____
                                Arresting officer's signature

                                _____
                                Printed name and title

PROB 12C (NCW Rev. 1/13)

Received
U.S. Marshals Service
Asheville, NC
1:36 pm, Aug 20 2024

# UNITED STATES DISTRICT COURT
Western District of North Carolina

## Petition for Warrant for Offender Under Supervision

Name of Offender:  **Joseph R Rutherford**                     Case Number: 0419 1:17CR00107-001

Name of Sentencing Judicial Officer: The Honorable Rudolph Contreras, US District Judge

Name of Reassigned Judicial Officer: The Honorable Martin Reidinger, Chief U.S. District Court Judge

Date of Original Sentence: 12/15/2015         Register Number: 29568-058         PACTS Number: 612681

| | |
|---|---|
| Original Offense: | Count 1: Distribution of Child Pornography (18 U.S.C. § 2252A(a)(2)) - Class C Felony |
| | Count 2 : Possession of Child Pornography (18 U.S.C. § 2252A(a)(5)(B)) - Class C Felony |
| Original Sentence: | 36 months imprisonment on both counts to run concurrent and 120 months supervised release on both counts to run concurrently. Standard sex offender conditions. $200 assessment (balance remaining). |
| Transfer of Jurisdiction: | Jurisdiction was transferred from the District of Columbia to the Western District of North Carolina on 08/16/17. |
| Amended Sentence: | None. |
| Prior Revocations: | 05/31/18 in front of The Honorable Martin Reidinger: Supervised release revoked due to new law violation- resisting arrest, new law violation- tampering with evidence, failure to follow the instructions of the probation officer, and failure to comply with sex offender treatment requirements. Sentenced to 7 months imprisonment and 120 months supervised release. Western District of North Carolina standard sex offender conditions. |
| | 02/27/20 in front of The Honorable Martin Reidinger: Supervised release revoked due to leaving judicial district without permission, failure to comply with sex offender treatment requirements, failure to make required court payments, and excessive alcohol use. Sentenced to Time Served (6 months and 7 days imprisonment) and 120 months supervised release. Western District of North Carolina standard sex offender conditions. |
| | 09/15/22 in front of The Honorable Martin Reidinger: Supervised release revoked due to unauthorized contact with minors, loitering near unauthorized area, and leaving judicial district without permission. Sentenced to 10 months imprisonment and 120 months supervised release. Western District of North Carolina standard sex offender conditions. |
| Prior Modifications: | None. |
| Type of Supervision: | Supervised Release                        Date Supervision Commenced:  May 12, 2023 |
| Assistant U.S. Attorney: | Ari B. Redbord                            Defense Attorney:  Howard Bernard Katzoff |

## PETITIONING THE COURT

☒ **To issue a warrant**
☐ **To issue a summons**

**BOND RECOMMENDATION:**  Detention.

The probation officer believes that the offender has violated the following condition(s) of supervision:

PROB 12C

2

Joseph Rutherford
0419 1:17CR00107 -001

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER (Date violation concluded: 8/12/2024).** |

The defendant has violated the condition of supervision that states, "The defendant shall follow the instructions of the probation officer related to the conditions of supervision."

Specifically, on 08/07/24, Sr. USPO Ben Racoff received a phone call from Deputy U.S. Marshal Joe Cowan regarding the defendant. DUSM Cowan reported he received documentation from the Western District of Virginia that the defendant had an active warrant for Failure to Register. It should be noted the warrant is based on conduct from 2022 that was already addressed on his previous revocation hearing. He was also previously charged by the local authorities in Bristol, VA where the charges are currently pending, and he is out on bond. Sr. USPO Racoff told DUSM Cowan he believed the defendant would turn himself in and this would allow him a few days to get his affairs in order. DUSM Cowan said the defendant needs to turn himself in to the McDowell County Jail on 08/12/24 by 12pm.

On 08/07/24, Sr. USPO Racoff contacted the defendant and explained the situation and the defendant stated he would turn himself in to the McDowell County Jail by 12pm on 08/12/24. Sr. USPO Racoff reiterated to the defendant he was giving him the benefit of the doubt and if he did not turn himself in it would be considered non-compliance. As of this date the defendant has not turned himself in and his whereabouts are unknown. (Grade C)

2. **FAILURE TO REPORT AS DIRECTED (Date violation concluded: 8/19/2024).**
The defendant has violated the condition of supervision that states, "The defendant shall report to the probation officer in a manner and frequency as directed by the Court or probation officer."

Specifically, on 08/12/24, Sr. USPO Ben Racoff attempted to call the defendant on his cell phone. The call went straight to voicemail, and Sr. USPO Racoff left a message instructing the defendant to call him back.

On 08/13/24, Sr. USPO Racoff went to the defendant's residence and was not able to make contact with anyone. Sr. USPO Racoff left a door tag on the front door instructing the defendant to contact him and the defendant needs to report to the Asheville U.S. Probation Office on 08/19/24 between 9am and 10am. Sr. USPO Racoff then called the defendant's cell phone and after it went straight to voicemail, he left a message with the same instructions to report to the Asheville Office on 08/19/24.

On 08/19/24 the defendant failed to report to the Asheville Office as instructed. On 08/19/24, Sr. USPO Racoff attempted to contact the defendant on his cell phone, but it went straight to voicemail. (Grade C)

PROB 12C                                             3                              Joseph Rutherford
                                                                                    0419 1:17CR00107-001

U.S. Probation Officer Recommendation:

The term of supervision should be

    ☒    revoked.
    ☐    extended for  years, for a total term of  years.

It is requested that access to this document be restricted to the U.S. Attorney until service; upon notification that service has been effected the document shall be made available to case participants only.

I declare under penalty of perjury that the foregoing is true and correct.

                                                Respectfully submitted,
                                               By    s/ Benjamin Racoff
                                                     Benjamin Racoff
                                                     Intensive Supervision Specialist
                                                     45 Clayton St
                                                     Asheville, NC 28801
                                                     828-771-7347
                                                     Date: August 19, 2024

Approved by:
s/ Chelsey Padilla
Chelsey Padilla
Supervising U.S. Probation Officer
704-350-7652

---

THE COURT ORDERS

☐    No Action
☒    The Issuance of a Warrant
☐    The Issuance of a Summons
☐    Other

                                                Signed: August 20, 2024

                                                W. Carleton Metcalf
                                                United States Magistrate Judge

**OFFENDER CHARACTERISTICS:**

Family: The defendant resides alone in Marion, NC. He was residing with his mother until she recently passed away unexpectedly in July 2024.

Employment: The defendant is unemployed.

Financial: The defendant has no known financial problems.

Health: The defendant has no known health problems.

Summary of Defendant's Adjustment to Supervision: During the defendant's first three months on supervised release, there were some issues with him making himself available for supervision and allowing myself to make random and unannounced contacts with him. On 07/20/23, we had a 3-way staffing with SUSPO Chelsey Padilla to address the non-compliance at the Asheville Office. He was also served a Written Reprimand which stated any further non-compliance involving failure to follow the instructions of his probation officer or failure to make himself available for supervision would result in revocation proceedings being initiated against him. Until the recent violations noted in this petition, the defendant had done a good job of making himself available and being responsive when I needed to get in contact with him and he was in compliance with his conditions. This was a primary reason I assumed he would have turned himself into custody in response to his active warrant. The defendant had been re-enrolled in his sex offender treatment classes at Repay in Morganton, NC and he completed the program in April 2024.

Summary of Officer Intervention: I referred the defendant to his sex offender treatment program, and I worked closely with the defendant's treatment provider to better serve the defendant. I had a 3-way staffing with the defendant and served him with a Written Reprimand in an attempt to disapprove his negative behaviors and have him change his behaviors to positive and pro-social ones.

Treatment Expenditures: Since the commencement of supervision, the U.S. Probation Office has paid a total of $1,230 on sex offender treatment for this defendant.

Prior Record: Attached is Part B of the Presentence report outlining this defendant's prior record.


**STATUTORY PROVISIONS:**

If the Court finds that the defendant has violated the conditions of supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offense was a Class C felony, the defendant cannot be required to serve more than two (2) years in prison on any revocation, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to the PROTECT Act of 2003, this statutory maximum term of imprisonment starts anew upon revocation of any term of supervised release.

Additionally, if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by 18 U.S.C. § 3583(e)(3). However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation provisions pursuant to 18 U.S.C. § 3583(d). This provision states, "...The [C]ourt shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). According to 18 U.S.C. § 3583(k), the term of supervised release authorized by statute for the original offense is "any term of years not less than 5, or life." Therefore, the additional term of supervised release available upon revocation is life, and any reimposed term of supervised release is not diminished by any term of imprisonment imposed upon revocation.

PROB 12C

5

Joseph Rutherford
0419 1:17CR00107 -001

**GUIDELINE PROVISIONS:**

The violation listed is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3). According to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. The Revocation Table at U.S.S.G. § 7B1.4(a) provides for a guideline range of 4-10 months imprisonment for a Grade C violation with a criminal history category of II.

The Policy Statement of U.S.S.G. § 7B1.3(e) also recommends that the term of imprisonment be increased by the amount of time of official detention that will be credited towards service of that term under 18 U.S.C. § 3585(b) other than time resulting from the supervised release violation warrant or proceeding. Since there is no official detention adjustment necessary for the defendant, the imprisonment range is 4-10 months.

Pursuant to U.S.S.G § 7B1.3(g)(2), where supervised release is revoked and a term of imprisonment is imposed, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Submitted this 19th day of August, 2024.

by    s/ Benjamin Racoff
Benjamin Racoff
Intensive Supervision Specialist
45 Clayton St
Asheville, NC 28801
828-771-7347

Approved by:    s/ Chelsey Padilla
Chelsey Padilla
Supervising U.S. Probation Officer
704-350-7652

cc:    AUSA
Defense Counsel